No. 74,437

STATE OF KANSAS, *Appellee*, v. VERNON K. COFFMAN, *Appellant*.

(925 P.2d 419)

Opinion filed October 25, 1996.

*Debra J. Wilson*, assistant appellate defender, argued the cause, and *J. Patrick Lawless, Jr.*, assistant appellate defender, and *Steven R. Zinn*, deputy appellate defender, were on the brief for appellant.

*David Lowden*, assistant district attorney, argued the cause, and *Nola Foulston*, district attorney, and *Carla J. Stovall*, attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

LARSON, J.: Vernon K. Coffman appeals his jury convictions of two counts of aggravated criminal sodomy, K.S.A. 21-3506 (Ensley 1988), for oral sexual acts he allegedly perpetrated on a 6-year-old neighbor girl.

The two issues raised by this appeal do not require us to set forth in detail the trial evidence of the alleged sexual acts. Therefore, we turn to the legal questions of (1) whether the trial court erred in failing to instruct on indecent liberties with a child as a lesser included offense of aggravated criminal sodomy when the defendant specifically asked that it not do so, and (2) whether the evidence was insufficient to support the convictions because no direct evidence established that Coffman was not married to his neighbor's 6-year-old daughter.

After the State and the defense both stated they had no objection to the proposed jury instructions, the trial court made a detailed record of why certain instructions read as they did based on an off-the-record instructions conference. In making this record, the trial court specifically enumerated why a lesser included offense instruction of indecent liberties with a child was not given:

"Finally, I want to make a record on lesser included offenses. We had a fairly lengthy discussion about whether any lesser included instructions should be used in this case, and both the State and the defendant indicated that they shouldn't be. I wanted to make a record that I think a very strong argument could be made that under the second prong of the *Fike* test, that indecent liberties of a child could be a lesser included instruction of sodomy, at least as we have it here in this particular case. But I'm not giving any instructions on lesser included because the State has—or the defense has specifically requested the Court not to give a lesser included on indecent liberties or any type of lesser included. Normally it's the Court's duty to give any lesser included instructions that it feels is applicable to the case, but I don't think that applies when the defendant is specifically rejecting a proposed lesser included instruction. In other words, I don't think that the defendant can argue at trial a particular lesser included instruction should not be given and then argue on appeal after a conviction that a lesser included instruction should have been given. I don't think the defense can have it both ways. So that's why I'm making this record."

The trial court clearly recognized its affirmative obligation to give an instruction on any lesser included offenses established by substantial evidence, regardless of whether the defendant requests

such an instruction, so long as the defendant does not object. See *State v. Harmon*, 254 Kan. 87, Syl. ¶ 1, 865 P.2d 1011 (1993); *State v. Sutherland*, 248 Kan. 96, 101, 804 P.2d 970 (1991).

However, it is obvious the trial court was also well aware of K.S.A. 21-3107(3), which provides in applicable part:

"In cases where the crime charged may include some lesser crime, it is the duty of the trial court to instruct the jury, not only as to the crime charged but as to all lesser crimes of which the accused might be found guilty under the information or indictment and upon the evidence-adduced. *If the defendant objects to the giving of the instructions, the defendant shall be considered to have waived objection to any error in the failure to give them, and the failure shall not be a basis for reversal of the case on appeal.*" (Emphasis added.)

This statute precisely covers the situation existing in this case. Under the clear and unmistakable wording of the statute, the defendant, by objecting to the giving of the instruction, has waived any objection, and the failure to instruct on the lesser crime "shall not be a basis for reversal of the case on appeal."

Appellate counsel, recognizing that Coffman is precluded from relying on this issue by his objection to the instruction at trial, requests us to relieve him of his decision below by applying *People v. Barton*, 12 Cal. 4th 186, 196, 47 Cal. Rptr. 2d 569, 906 P.2d 531 (1995), which held that a trial court has an absolute duty, notwithstanding the objection of either the prosecution or defense, to refuse to allow an "all or nothing" strategy which would prevent the jury from deciding whether a defendant is guilty of a lesser included offense established by the evidence. We hold that *People v. Barton* is not applicable in Kansas, nor to this case, because California has no statutory provision such as we have in K.S.A. 21-3107(3).

Coffman contended at oral argument that K.S.A. 21-3701(3) is unconstitutional because it invades the province of the jury and is, therefore, a denial of due process. This question was not raised below or briefed as an issue on appeal, and we hold to our longtime rule that when constitutional grounds are asserted for the first time on appeal, they are not properly before us for review. *State v. Steadman*, 253 Kan. 297, 306, 855 P.2d 919 (1993).

Our standard of review on appeal when the sufficiency of the evidence is challenged in a criminal case is whether, after review of all the evidence, viewed in the light most favorable to the prosecution, we are convinced that a rational factfinder could have found the defendant guilty beyond a reasonable doubt. *State v. McIntyre*, 259 Kan. 488, Syl. ¶ 6, 912 P.2d 156 (1996).

At the time the offense was committed, aggravated criminal sodomy was defined in relevant part as:

"(a) Sodomy with a child who is not married to the offender and who is under 16 years of age;

"(b) causing a child under 16 years of age to engage in sodomy with any person or animal." K.S.A. 21-3506 (Ensley 1988).

Coffman's challenge here on appeal does not pertain to the sufficiency of the evidence establishing he engaged in sodomy with the victim (although contradictory evidence did exist at the trial); rather, Coffman argues the prosecution introduced no evidence proving he was not married to his neighbor's 6-year-old daughter.

An essential element of the crime charged was that the child victim must not be the spouse of the offender. See *State v. Wade*, 244 Kan. 136, Syl. ¶ 1, 766 P.2d 811 (1989). *Wade* also pointed out that the common-law minimum age for females to marry legally in Kansas is 12 years of age. 244 Kan. 136, Syl. ¶ 2. Circumstantial evidence surrounding the crime thus conclusively establishes Coffman was not married to the 6-year-old neighbor girl he victimized. See *State v. Reed*, 256 Kan. 547, 566, 886 P.2d 854 (1994), which teaches us that even the gravest offense can be proven by circumstantial evidence. We are convinced a rational factfinder could have found Coffman guilty beyond a reasonable doubt.

Affirmed.